# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 2632 | **DATE** | 6/20/2011 |
| **CASE TITLE** | Thornell vs. Marsh & McLennan Cos., Inc. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss [37] is granted in part and denied in part. Plaintiff's motion to file an amended complaint [39] is granted.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Judy Thornell filed a lawsuit in state court suing defendants Marsh & McLennan Companies, Inc., Marsh, Inc., Marsh USA Inc. (Nevada) and Marsh Placement Inc. (collectively "Marsh" or "defendants"). After defendants removed this matter to federal court, the case was transferred to a multi-district litigation proceeding pending in New Jersey. After the case returned here, plaintiff filed an amended complaint alleging claims against the defendants for breach of contract, breach of fiduciary duty and negligence. Defendants moved to dismiss, arguing that all claim are barred by the applicable two-year statute of limitations. Rather than respond, plaintiff filed a motion for leave to file a second amended complaint. Defendants argue that plaintiff failed to cure the deficiencies they identified in their motion, and that any amendment would therefore be futile. Defendants' motion to dismiss is granted in part and denied in part. Plaintiff's motion to file an amended complaint is granted.

Plaintiff alleges that she and her husband hired Sedgwick of California, Inc. in the mid-1980's to provide insurance brokerage services, and that Marsh became plaintiff's insurance broker when Marsh bought Sedgwick in 1999. Plaintiff alleges that she directed Marsh to obtain "top-of-the-line" insurance coverage for her Colorado home, including full replacement value in the event of a loss. The coverage was placed with Fireman's Fund Insurance Company ("FFIC") and Marsh purportedly represented to plaintiff that the policy met her requirements. After her home was damaged in 1999 and 2000, plaintiff sought coverage for the damage under her insurance policy. FFIC made several offers to plaintiff, but plaintiff rejected these offers as none represented full replacement value. In 2002, plaintiff sued FFIC to recover for her losses. Plaintiff alleges that Marsh provided her with no assistance in her dispute with FFIC, and instead paid some of FFIC's defense costs in FFIC's lawsuit with plaintiff.

Although generally a complaint need not anticipate and overcome potential affirmative defenses, "[w]hen the plaintiff effectively pleads herself out of court by alleging facts sufficient to establish a statute of limitations

defense, dismissal is appropriate." *Thompson v. Continental Cas. Co.*, 602 F. Supp. 2d 943, 945 (N.D. Ill. 2009). Because plaintiff has submitted a second amended complaint which she maintains provides "more detailed dates when relevant events and alleged breaches of contract and duties owed [plaintiff] occurred," I have considered the proposed second amended complaint in reviewing defendants' arguments.

Both parties agree that the three claims are subject to a two-year statute of limitations. *See* 735 ILCS 5/13-214.4 (two-year statute of limitations for claims against insurance brokers). All three claims are premised on roughly the same seven or eight allegations. The first group of allegations center generally around the fact that Marsh allegedly failed to procure "top-of-the-line" full replacement value coverage. *See* Sec. Am. Compl ¶ 50(1), (b)-(d), ¶ 54(a)-(d), ¶ 63(a)-(c). The three claims also rest on additional allegations: (1) Marsh allegedly failed to assist/advise her in her dispute with FFIC; (2) Marsh allegedly abruptly terminated its relationship with plaintiff and failed to inform her that FFIC was not renewing its policy; and (3) Marsh provided financial assistance to FFIC to cover legal defense costs in the lawsuit with plaintiff.

With respect to all three claims, the primary question before me centers on when plaintiff's claims accrued. Defendants cite[1] to numerous cases which stand for the proposition that a plaintiff's claim against an insurance broker accrues when the insurance company denies the plaintiff's claim. *See Commonwealth Ins. Co. v. Stone Container Corp.*, 323 F.3d 507, 509 (7th Cir. 2003) (claims against insurance broker accrued when insurance company denied coverage); *State Farm Fire & Cas. Co. v. John J. Rickhoff Sheet Metal Co.*, 914 N.E.2d 577, 594 (Ill. App. Ct. 2009) (same). Plaintiff argues that her case is distinguishable because her claim was never actually denied, and the dispute between plaintiff and FFIC was over how much FFIC was obligated to pay her.[2] This is a distinction without a meaningful difference. Clearly, plaintiff was aware, on the date she filed a lawsuit against FFIC at the latest, that FFIC was refusing to pay her the replacement value for her losses. Under the reasoning of the Illinois cases cited by defendants, plaintiff's claim accrued at the point at which she understood she was not getting full replacement value. Because plaintiff filed her lawsuit against FFIC in 2002, and she did not file the instant lawsuit until 2006, her claims based on Marsh's alleged failure to procure "top-of-the-line" coverage are dismissed as untimely. To the extent plaintiff bases her three claims on the allegation that Marsh, in 2001, "abruptly terminated its relationship with [plaintiff]" and failed to advise her that FFIC was terminating her policy, plaintiff was certainly aware of those facts in 2001. These allegations are also time-barred.

Defendants, in moving to dismiss, focus on the plaintiff's allegations concerning the alleged failure to procure "top-of-the-line" coverage. However, plaintiff also relies on additional allegations, some of which did not occur until *after* FFIC made it clear it was not going to pay plaintiff full replacement value for her losses. Plaintiff's claims based on these allegations, therefore, could not have accrued at the time plaintiff filed her lawsuit against FFIC. First, plaintiff argues that Marsh failed to assist her in her dispute with FFIC. It seems clear that plaintiff would have been aware of Marsh's failure to assist and advise her from the start of the lawsuit in 2002 to its conclusion in 2004. Some, but not all, of this period falls outside the two-year statute of limitations. To the extent this failure to assist/advise is based on the period prior to April 13, 2004 (plaintiff filed the instant case in state court on April 13, 2006, as shown by the date stamp on Ex. A to the notice of removal), it is time barred. Second, plaintiff maintains that Marsh improperly paid the defense costs of FFIC in its lawsuit with plaintiff. Because I cannot determine from any of the complaints when plaintiff first had knowledge of this allegation, these allegations cannot be dismissed as time-barred at this time.

Thus, plaintiffs' claims survive to the extent described above. I reject defendants' additional argument that I should dismiss the breach of fiduciary duty claim without engaging in a choice of law analysis. Rather than provide any developed argument for the laws of Colorado, California and Nevada, defendants merely provide a handful of case citations for each state. In light of the fact that it appears that the law in at least some of these states is not so settled as defendants suggest, and because defendants have failed to sufficiently develop this

| STATEMENT |
|---|
| argument, I decline to address the issue of an insurance broker's fiduciary duty prior to deciding which state's law will apply to this dispute. |

1. In their opening brief, defendants first argued that plaintiff's claims accrued at the time that Marsh allegedly failed to procure the "top-of-the-line" insurance. Defendants then change tack in their reply, and argue that the claims accrued when plaintiff understood that FFIC was not going to pay her full replacement value. I agree that defendants got it right in their reply brief. The main case they cite in their opening brief, *State Farm Fire & Cas. Co. v. Rickhoff*, 914 N.E.2d 577 (Ill. App. Ct. 2009), clearly states that claims against an insurance producer accrue "the moment when coverage is denied."

2. I note that the non-Illinois state cases cited by plaintiff are irrelevant to the issue of accrual under Illinois law.